[Cite as *Hill v. Ohio Dept. of Transp.*, 2010-Ohio-6672.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WARDELL W. HILL

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2010-07288-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Wardell W. Hill, filed this action against defendant, Department of Transportation (ODOT), alleging that his 2005 Chrysler 300 C was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on Interstate 75 North on the Brent Spence Bridge spanning the Ohio River between Kentucky and Ohio. Specifically, plaintiff noted in his complaint that he was "traveling northbound on Interstate 75 on the Brent Spence Bridge in the right lane between Kentucky and downtown Cincinnati when my vehicle struck a large deep pothole which caused substantial damage." Plaintiff recalled the incident occurred on April 14, 2010 at approximately 4:30 p.m. Plaintiff seeks damages in the amount of $1,791.85, the stated total cost of automotive repair and car rental expenses. The filing fee was paid.

{¶ 2} 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the Commonwealth of Kentucky and not ODOT bears the maintenance responsibility for the substantial portion of Interstate 75 on the Brent

Spence Bridge. Defendant submitted photographs depicting the Brent Spence Bridge advising that practically the entire bridge deck is located within the Commonwealth of Kentucky and is consequently the maintenance responsibility of that governmental entity. Defendant stated "[a]s such, the State of Kentucky is the proper party to plaintiff's claim, not the defendant." The submitted photographs bear handwritten notations outlining the maintenance responsibility for the bridge deck with ODOT maintenance responsibility for the bridge beginning multiple feet within the shore line from the Ohio River.

**{¶ 3}** 3) Plaintiff filed a response insisting his damage incident occurred "on the Ohio side within the maintenance jurisdiction of the Defendant." Plaintiff did not provide any milemarker location of the damage-causing pothole on Interstate 75 North in reference to a more precise location. Plaintiff related he examined the submitted photographs depicting the bridge and ascertained the pothole his vehicle struck was located in an area within the maintenance jurisdiction of ODOT.

**{¶ 4}** 4) On August 27, 2010, defendant filed a reply to plaintiff's response. Defendant maintains the incident did not occur in Ohio.

**{¶ 5}** "5) The trier of fact, after reviewing all evidence, finds the site of the damage-causing incident was located within the Commonwealth of Kentucky.

CONCLUSIONS OF LAW

**{¶ 6}** 1) R.C. 2743.01(A) provides:

**{¶ 7}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

**{¶ 8}** 2) R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 9}** "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in

section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 10} 3)   R.C. 5501.31 in pertinent part states:

{¶ 11} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 12} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WARDELL W. HILL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-07288-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth

above, plaintiff's claim is DISMISSED.  Court costs are assessed against plaintiff
.

        _____

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Wardell W. Hill                Jolene M. Molitoris, Director
1046 Lockman Avenue        Department of Transportation
Cincinnati, Ohio  45238        1980 West Broad Street
                                 Columbus, Ohio  43223

RDK/laa
8/23
Filed 11/15/10
Sent to S.C. reporter 2/18/11